PER CURIAM:
Claimants brought this action for vehicle damage which occurred when their 2004 Mazda MPV struck a hole while claimant Sheila Hunt was traveling southbound on Route 250 in Fairmont, Marion County. Route 250 is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 2:00 p.m. on March 28, 2007. Route 250 is a three-lane highway at the area of the incident involved in this claim. Sheila Hunt testified that she was driving on Route 250 with a large truck in front of her. She stated that the truck was turning left onto 1-7 9. The truck blocked her vision of the roadway so she did not see the hole in the road until it was too late. Claimants’ vehicle struck the hole sustaining damage a rim, tire and the undercarriage totaling $419.77.
The position of the respondent is that it did not have actual or constructive notice of the condition on Route 250 at the site of the claimants’ accident for the date in question. Respondent did not present any witnesses or evidence at the hearing of this matter.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had at least constructive notice of the hole which claimants ’ vehicle struck and that the hole presented a hazard to the traveling public. Photographs in evidence depict the hole and provide the Court an accurate portrayal of the size and location of the hole on Route 250. The size of the hole and its location within the roadway leads the Court to conclude that respondent had notice of this hazardous condition and respondent had an adequate amount of time to take corrective action. Thus, the Court finds respondent negligent and claimants may make a recovery for the damage to their vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimants in this claim in the amount of $419.77.
Award of $419.77.